# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT CLARK, | ) | |
| | ) | 2:14cv1252 |
| Petitioner, | ) | Electronic Filing |
| | ) | |
| v. | ) | Judge David Stewart Cercone |
| | ) | |
| MICHAEL D. OVERMYER, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

This case was commenced on September 19, 2014, and was referred to United States Magistrate Judge Cynthia Reed Eddy for a report and recommendation in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and the Local Rules of Court for Magistrate Judges.

On March 21, 2017, Magistrate Judge Eddy filed a Report and Recommendation (ECF No. 15) recommending that the Petition for Writ of Habeas Corpus be dismissed and that a certificate of appealability be denied. Petitioner was served with the Report and Recommendation at his listed address and was advised written Objections to the Report and Recommendation were due by April 7, 2017. Petitioner timely filed Objections (ECF No. 16).

After *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation, and the Objections thereto, Petitioner's objections will be overruled, the Report and Recommendation as augmented will be adopted as the opinion of the court, the petition will be dismissed, and a certificate of appealability will be denied.

1

Petitioner raises two objections to the Report and Recommendation, neither of which undermine the recommendation of the Magistrate Judge. Plaintiff's objections are addressed seriatim.

In his first objection, Petitioner argues that the Report and Recommendation incorrectly concluded that his sufficiency of the evidence claim is procedurally defaulted. Although not raised in his Petition as an ineffective assistance of counsel claim,[1] Petitioner argues that pursuant to *Martinez v. Ryan,* 566 U.S. 1 (2012), the procedural default should be excused as his "direct appeal counsel and/or PCRA counsel" were ineffective in failing to raise the issue. *See* Objections at 5. Even allowing Petitioner to now raise this claim as an ineffective assistance of counsel claim, *Martinez* provides no avenue for Petitioner to overcome the default.

Under *Martinez*, a procedural default may be excused if: "(1) collateral attack counsel's failure itself constituted ineffective assistance of counsel under *Strickland*, and (2) the underlying ineffective assistance claim is 'a substantial one.'" *Bey v. Superintendent Greene SCI*, No. 15-2863, -- F.3d --, 2017 WL 1905092 at * 5 (3d Cir. May 10, 2017) (citing *Glenn v. Wynder*, 743 F.3d 302, 409-10 (3d Cir. 2014) (quoting *Martinez*, 566 U.S. at 14)). In order for a petitioner to satisfy the second *Martinez* requirement, "the [petitioner] must demonstrate that the claim has some merit." *Martinez*, 566 U.S. at 14.

The Report and Recommendation at great length discusses why, even if a procedural default does not bar habeas review of this claim, the claim has no merit, and, thus, is not a

---

1     This claim was originally raised as stand-alone sufficiency of the evidence claim. Specifically, Ground Two states: "Trial Court abused its discretion in excluding witnesses in Mr. Clark's favor, which evidence was insufficient, and contrary to the weight of the evidence." *See*

2

substantial one. Absent some arguable merit to the underlying ineffectiveness claim, counsel cannot be ineffective for neglecting to raise the issue. Therefore, the claim is unexhausted as the claim was never presented to any state court and, because state court remedies are no longer available, the claim is procedurally defaulted. As the report and recommendation correctly concluded, the claim has no merit as the evidence adduced at trial is sufficient to meet each element of first-degree murder.

Petitioner's remaining objection relates to his claim that trial counsel was ineffective for failing to call Kellin McBryde and Lonnie Bivins as witnesses on his behalf. First, as the report and recommendation concluded, it is clear that not calling Kellin McBryde was a matter of trial strategy; and the decision not to call him was reasonable. Trial counsel testified during a post-trial motion hearing that he did not call McBryde as a witness because he had serious concerns about McBryde's credibility as he genuinely believed that McBryde's testimony was false. The trial court found that counsel had a reasonable strategic basis for declining to call McBryde and the Superior Court found that the testimony of record supported the PCRA's finding. The Court agrees with the recommendation that the Superior Court's determination was neither an unreasonable application of *Strickland* nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Therefore, this objection has no merit.

As to Lonnie Bivins, the report and recommendation found that the record supported the Superior Court's affirmance of the PCRA court's finding that this witness was unavailable to

---

Petition, at 8.

testify at trial. Again, the trial court made a credibility determination that the testimony of trial counsel and the deputy attorney general were more credible than the testimony of Bivins; and the Superior Court found the record supported this finding. The Court agrees with the recommendation that the Superior Court's determination was neither an unreasonable application of Strickland nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. The Court, therefore, agrees with the recommendation that this claim has no merit and concludes that the objection must be denied.

For the reasons set forth above, the petition will be dismissed, a certificate of appealability will be denied, and the magistrate judge's March 21, 2017, Report and Recommendation, as augmented above, will be adopted as the opinion of the court. An appropriate order will follow.

<u>Date: July 11, 2017</u>

<u>s/David Stewart Cercone</u>
David Stewart Cercone
United States District Judge

cc:   Scott Clark
      JA3952
      SCI Forest
      PO Box 945
      Marienville, PA 16239
      (*Via First Class Mail*)

      Daniel A. Vernacchio, Esquire
      Cory J. Schuster, Esquire
      (*Via CM/ECF Electronic Mail*)